David LIVELY *v.* STATE of Arkansas

CR 96-438                                  930 S.W.2d 339

Supreme Court of Arkansas
Opinion delivered October 21, 1996

Petitioner, *pro se.*

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for respondent.

PER CURIAM. The petitioner, David Lively, has filed a *pro se* petition for a writ of prohibition to prevent a trial on felony hot-check charges that were filed in Faulkner County Circuit Court on April 26, 1993. Twenty-six months after the filing of the information, on July 10, 1995, Lively moved to dismiss the charges on speedy-trial grounds. After no action was taken on his motion, Lively petitioned this court for a writ of mandamus. The petition became moot when the Trial Court denied the motion to dismiss in an order that was entered on February 28, 1996. *Lively* v. *Hon. David Reynolds, Judge,* CR96-22 (March 11, 1996). We find that the State has not met its burden of proof to explain its failure to bring Lively to trial within twelve months of the date the charges were filed, as required by A.R.Cr.P. Rule 28.1, and we grant the writ.

At the time the information was filed, Lively was incarcerated pursuant to a first-degree battery conviction in Pulaski County. A docket entry shows that on the date of the filing of the information, an arrest warrant was issued. The warrant was apparently never served, and there is no indication that anything further was done to bring Lively to trial. The Trial Court's order denying Lively's motion to dismiss consists of the following two sentences: "On this day comes the matter of the request of the Defendant, David Lively, for Motion to Dismiss the above-styled cause. The Court finds that the warrant in this case has not been served and the petition is without merit and is hereby denied."

A defendant charged with an offense and incarcerated pursuant to a conviction for another offense shall be entitled to have the charge dismissed if not brought to trial within twelve months from the time the charge is filed or the time of arrest, whichever occurs first. Ark. R. Crim. P. 28.1(b) and 28.2(b). Since twenty-six months passed from the date the information was filed until the date Lively filed his motion to dismiss, he presented a prima facie case that the speedy-trial rule was violated. The burden then shifted to the State to explain the delay. *Duncan* v. *Wright*, 318 Ark. 153, 883 S.W.2d 834 (1994).

There is no indication in the record that there was a hearing on the motion to dismiss, nor is there any indication that the State filed a responsive pleading in the Trial Court. The only explanation for the delay appears in the State's response to this petition, where it argues that the twenty-six month period is excludable pursuant to A.R.Cr.P. Rule 28.3(e), which provides in pertinent part:

> The following periods shall be excluded in computing the time for trial:

> (e) The period of delay resulting from the absence or unavailability of the defendant. A defendant shall be considered absent when his whereabouts are unknown....

According to the State, Lively's whereabouts were unknown because there is no way the Faulkner County Prosecutor could have known that Lively was serving time in a state prison on charges that originated in Pulaski County. In his reply brief, Lively argues that the period is not excludable because there is no proof that there was an attempt to serve the warrant. We agree.

In *Duncan* v. *Wright, supra,* the State argued that the period of delay in bringing Duncan to trial on hot-check charges was excludable under Rule 28.3(e). The State contended that Duncan's whereabouts could not be ascertained because he used an alias, but did not offer any proof that the Sheriff attempted to serve the arrest warrant. We identified the lack of any proof of an attempt to arrest as the threshold issue in the case. We found it illogical that Duncan's alias thwarted an arrest that was never attempted. Accordingly, we granted the writ of prohibition.

■ *Duncan* v. *Wright* is controlling in this case. The State has not offered any proof that the Sheriff attempted to serve the arrest warrant on the hot-check charges.

The writ of prohibition is granted.