Nancy D. MARKS, a/k/a Ann Gable *v.* STATE of Arkansas

CR 97-1088                                                965 S.W.2d 764

Supreme Court of Arkansas
Opinion delivered March 26, 1998

*Paul Petty*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

W.H. "Dub" Arnold, Chief Justice. Nancy D. Marks, a/k/a Ann Gable, seeks a writ of prohibition against the Poinsett County Circuit Court to prevent a trial on a theft-by-receiving charge. The trial court denied Marks's motion to dismiss the charge on speedy-trial grounds. She contends that this ruling was erroneous because she was not brought to trial within twelve months following the issuance of the warrant for her arrest. There is no merit to Marks's argument, and we deny her request for a writ of prohibition.

On March 31, 1994, a warrant for Marks's arrest was issued for the offense of theft by receiving, Class B felony, in violation of Ark. Code Ann. § 5-36-103 (Repl. 1997). The warrant was issued after the Harrisburg Municipal Court judge determined that probable cause existed. Marks was not arrested, however, until September 6, 1996. The felony information charging Marks with theft by receiving was filed on October 16, 1996. Following a hearing, the Poinsett County Circuit Court denied Marks's motion to dismiss, concluding that, because the delay between the issuance and service of the arrest warrant was attributable to Marks's unavailability, this time was excludable under Rule 28.3(e) of the Arkansas Rules of Criminal Procedure. Marks filed her petition for writ of prohibition on June 19, 1997.

The pertinent speedy-trial rules in this case are Rules 28.1(a) and 28.2(a) of the Arkansas Rules of Criminal Procedure. Rules 28.1(a) and 28.2(a) require the State to bring a defendant to trial within one year from the date a charge is filed in circuit court, unless prior to that time, the defendant has been arrested and is in custody or lawfully at liberty. In the latter case, the defendant must be brought to trial within one year from the date he or she was arrested. If a defendant is not brought to trial within the req-

uisite time, she will be discharged. Ark. R. Crim. P. 30.1. This discharge constitutes an absolute bar to prosecution of the same offense and for any other offenses required to be joined with that offense. *Id.*

As the State suggests in its brief, Marks's argument is premised on the incorrect assumption that the time for speedy trial began running on the date the arrest warrant was issued. The case of *Archer v. Benton County Circuit Court,* 316 Ark. 477, 872 S.W.2d 397 (1994) is dispositive of this point. In that case, a warrant for Archer's arrest was issued on April 16, 1992, following a finding of probable cause and a filing of an affidavit of probable cause on the same date. He was arrested pursuant to the warrant on December 25, 1992. The felony information against Archer accusing him of various drug offenses was filed on March 1, 1993. On appeal, Archer claimed that the twelve-month period for his trial began to run on April 16, 1992, the date the arrest warrant was issued. The State contended that charges were filed against Archer when the information was filed on March 1, 1993, after his arrest on December 25, 1992. Citing Rule 28.2(a), the State maintained that the time for Archer's trial began to run on the date of his arrest. This court agreed with the State, holding that, for purposes of his speedy-trial rights and Rule 28.2(a), "the date charges were filed" against Archer was the date the felony information was filed in circuit court, and thus, the date of Archer's arrest was the date the time for speedy trial began to run under Rule 28.2(a).

The same reasoning applies in the present case. The felony information was filed against Marks on October 16, 1996. This is "the date charges were filed" under Rule 28.2(a). Marks was arrested prior to the filing of the information, on September 6, 1996. The time for speedy trial began running on that date, and had not yet expired when Marks filed her petition in this matter on June 19, 1997. Thus, for purposes of Marks's speedy-trial argument, we need not decide whether the delay between the issuance and service of the arrest warrant was attributable to her unavailability. Based on the foregoing, we must conclude that the trial court did not err in denying Marks's motion to dismiss for lack of a speedy trial.

Writ denied.