Willie E. JACKSON, Jr. *v.* STATE of Arkansas

CR 98-190                                        976 S.W.2d 370

Supreme Court of Arkansas
Opinion delivered October 1, 1998

*William R. Simpson, Jr.*, Public Defender, by: *S. Wade Parker* and *Alex Petty*, Deputy Public Defenders, for appellant. .

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Willie E. Jackson, Jr., challenges the trial court's denial of his motion to dismiss the charges pending against him due to an alleged speedy-trial violation. We hold that the time for speedy trial had not run as of February 18, 1998, the date the trial court denied Mr. Jackson's motion to dismiss. Thus, we deny Mr. Jackson's petition for a writ of prohibition.

On October 30, 1996, the Little Rock Municipal Court issued an arrest warrant for Mr. Jackson on a charge of Medicaid fraud under Ark. Code Ann. § 5-55-111. The Attorney General's Office sent a certified copy of the arrest warrant to the Arkansas Department of Corrections where Mr. Jackson was serving a five-year sentence on an unrelated conviction of possession of a controlled substance. On December 18, 1996, the Department gave a copy of the warrant to Mr. Jackson, but no return of service was made on the warrant. On this date, the Department also issued a "detainer action letter" to the Pulaski County Sheriff's Office. On May 13, 1997, Mr. Jackson was released on parole from the Department of Corrections on the drug conviction. It is unclear from the record how long Mr. Jackson was actually detained on the Medicaid fraud charge. Nor is it clear why the Pulaski County Sheriff's Office failed to take Mr. Jackson into custody pursuant to the detainer. On June 25, 1997, Detective Washington arrested Mr. Jackson on the Medicaid fraud warrant, and the felony information on that charge was filed by the Prosecutor's Office on November 6, 1997.

On January 23, 1998, Mr. Jackson filed a motion to dismiss the Medicaid fraud charge for the following reasons: 1) the State violated his right to a speedy trial pursuant to Ark. R. Crim. P. 28; 2) the State violated his federal right to due process of law by delaying the trial for the sole purpose of obtaining a tactical advantage; and 3) the State violated its duty under Ark. R. Crim. P. 29.1(a) to promptly seek his presence for trial. The trial court denied Mr. Jackson's motion because it concluded that the speedy-trial period commenced on June 25, 1997, the day Mr. Jackson was arrested by Detective Washington for Medicaid fraud. The court, however, did not enter a ruling on Mr. Jackson's due process and Rule 29.1(a) arguments. Hence, the sole issue presented by this case is when the speedy-trial period commenced pursuant to Ark. R. Crim. P. 28.2.

Before reaching the merits of this issue, we must first determine whether Mr. Jackson has filed an appeal or a petition for a writ of prohibition. Mr. Jackson has treated this action as an appeal by labeling the parties "appellant" and "appellee," naming the State and not the trial court as the defending party, and asking us to "reverse the ruling of the trial court, and dismiss the charges against the appellant for failure to prosecute within the speedy-trial limitations." On the other hand, Mr. Jackson filed a "Notice of Petition for Writ of Prohibition" before the trial court, and a "Petition for a Writ of Prohibition" before us. Although we denied Mr. Jackson's motion to stay the trial court proceedings, there is nothing in the record indicating that Mr. Jackson has already been tried on the Medicaid fraud charge. Under these circumstances, we shall treat the action before us as a petition for a writ of prohibition, which we have jurisdiction to hear pursuant to Ark. Sup. Ct. R. 1-2(a)(3) and Ark. R. Crim. P. 28.1(d).

## I.   Speedy Trial

First, Mr. Jackson contends that the trial court erred when it denied his speedy-trial motion. Arkansas Rule of Criminal Procedure 28.1(b) provides that:

> Any defendant charged with an offense in circuit court and incarcerated in prison in this state pursuant to conviction of another

offense shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Here, it is undisputed that Mr. Jackson was in prison on an unrelated and prior drug conviction at the time the arrest warrant was issued on the charge of Medicaid fraud. Thus, it is clear that Ark. R. Crim. P. 28.1(b) applies to this case.

■ There is, however, a question in this case as to when the speedy-trial period commenced. Arkansas Rule of Criminal Procedure 28.2(a) provides, in relevant part, that the twelve-month period shall commence running without demand by the defendant:

> from *the date the charge is filed*, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from *the date of arrest*.

(Emphasis added.) In *Archer v. Benton County Circuit Court*, 316 Ark. 477, 872 S.W.2d 397 (1994), we clarified that the phrase "date the charge is filed" as used in Rule 28.2(a) means the day the felony information is filed in the circuit court. We have also explained that pursuant to Rule 28.2(a) the twelve-month period begins on the date the information is filed or the date of arrest, whichever occurs first. *Lively v. State*, 326 Ark. 398, 930 S.W.2d 339 (1996) (per curiam); *Duncan v. Wright*, 318 Ark. 153, 883 S.W.2d 834 (1994).

■ Here, it is uncontested that the felony information on the Medicaid fraud charge was filed on November 6, 1997, which is several months after June 25, 1997, the date Detective Washington arrested Mr. Jackson and returned service on the warrant to the circuit court. Hence, according to Ark. R. Crim. P. 28.2(a) and our well-established case law, the speedy-trial period commenced in this case on June 25, 1997. Absent any periods which are excludable under Ark. R. Crim. P. 28.3, the time to try Mr.

Jackson on the Medicaid fraud charge would have expired on June 25, 1998. The trial court so held when it denied Mr. Jackson's motion to dismiss on February 18, 1998.

Mr. Jackson attempts to defeat this result by arguing that the speedy-trial period began to run on December 18, 1996, the day the detainer[1] letter was issued. Although we have never considered this argument, the Court of Appeals rejected a similar argument in *Washinton v. State*, 31 Ark. App. 62, 787 S.W.2d 254 (1990). In *Washington*, the defendant was arrested on December 21, 1987, for forgeries he committed in Pine Bluff. On that same day, a Little Rock detective "requested that the Jefferson County authorities notify him when the Pine Bluff charges were disposed of, and that the [defendant] be turned over to him at that time." *Id*. After the defendant was convicted of the Pine Bluff forgeries on August 22, 1988, he was immediately arrested by the Little Rock authorities for the forgeries that he committed in their jurisdiction. *Id*. As in this case, the defendant in *Washington* argued that the speedy-trial period began to run on December 21, 1987, when the Little Rock authorities placed a detainer on him. *Id*. The Court of Appeals rejected this argument because Ark. R. Crim. P. 28.2 only refers to an arrest or the filing of a charge, and not to the issuance of a detainer. Specifically, the court said:

> We find no merit in the appellant's contention that the time began to run when he was arrested in Pine Bluff on December 21, 1987, because that arrest arose out of a separate criminal episode. Although Detective Ebinger did request that he be notified when the Pine Bluff charges were disposed of, there is nothing in the record which indicates that the appellant was being held in Pine Bluff solely because Little Rock authorities requested it. The appellant was clearly being held in Pine Bluff pursuant to the charges in Pine Bluff, and the time period could not begin to run on the Little Rock charges until he was either charged with them or arrested for them. *See Hall v. State*, 281 Ark. 282, 663 S.W.2d 926 (1984), and *Mackey v. State*, 279 Ark. 307, 651 S.W.2d 82

---

[1] Both parties agree that the Interstate Agreement on Detainers Act, Ark. Code Ann. §§ 16-95-101 to 107 (1987), as mentioned in Ark. R. Crim. P. 28.1(g), does not apply in this case because Mr. Jackson was not held by another state or the federal government, and he did not demand a final disposition of the indictment.

(1983) (incarcerated appellant's time began to run from date charged).

*Id.* Accordingly, the Court of Appeals held that the speedy-trial period began on August 22, 1988, the day the defendant was arrested by the Little Rock authorities.

We realize that *Washington* may be distinguishable from the facts at hand because the detective in *Washington* only "requested" that the Pine Bluff authorities detain the defendant instead of issuing a formal letter of detainer as was done in this case. We, however, find the reasoning of *Washington* to be sound.

■ Specifically, as acknowledged by the Court of Appeals, Ark. R. Crim. P. 28.2(a) provides that the speedy-trial period begins on the day the "charges are filed" or on the day of "arrest." The Rule does not list the mere issuance of a detainer as an event triggering the speedy-trial period. Moreover, on December 18, 1996, Mr. Jackson was being held by the State on his drug conviction, which was not in any way related to the Medicaid fraud charge. Accordingly, we hold that the issuance of a detainer to an inmate who is serving time on an unrelated charge does not trigger the speedy-trial period under Ark. R. Crim. P. 28.2(a).

■ Next, Mr. Jackson argues that a detainer is analogous to an "arrest" as used in Rule 28.2(a) because his liberty was significantly compromised. We refuse to address this issue at this time because Mr. Jackson has repeatedly argued that the speedy-trial period began on December 18, 1996, the day that the detainer letter was *issued,* and not in May of 1997 when he was allegedly *detained* on the Medicaid fraud charge. Moreover, even if the speedy-trial period began to run in May of 1997, the twelve-month period would not have expired before the trial court denied Mr. Jackson's speedy-trial motion on February 18, 1998. Thus, we render no ruling in this case as to whether the actual detainment of an inmate, as opposed to the mere issuance of a letter of detainer, may trigger the speedy-trial period under Ark. R. Crim. P. 28.2(a).

■ For these reasons, we find no error with the trial court's ruling that the speedy-trial period began in this case on June 25, 1997, the day Mr. Jackson was arrested on the charge of

Medicaid fraud, and that there was no speedy-trial violation as of February 18, 1998. Accordingly, we deny Mr. Jackson's petition for a writ of prohibition.

## II.  Federal Due Process and Ark. R. Crim. P. 29.1

■   In his motion to dismiss, Mr. Jackson also argued that the State's delay in bringing him to trial was a violation of his federal right to due process of law, and a violation of Ark. R. Crim. P. 29.1. Mr. Jackson, however, did not obtain a ruling on either issue, and he failed to adequately develop either argument in his petition. We have repeatedly said that the failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes review on appeal. *L.H. v. State*, 333 Ark. 613, 973 S.W.2d 477 (1998); *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997). Accordingly, we do not address the merits of either argument.

Petition for writ of prohibition denied.