SLIP OPINION

Cite as 2016 Ark. App. 436

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–232

| | |
|---|---|
| MICHAEL DORAN MITCHELL<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** September 28, 2016<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-2015-291-I]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

On November 30, 2015, Michael Doran Mitchell was convicted by the Circuit Court of Garland County on his conditional plea to commercial burglary. He was sentenced as a habitual offender to 15 years in the Arkansas Department of Correction. He now appeals, contending that the circuit court erred by denying his motion to dismiss because his right to a speedy trial was violated.[1] He argues that his 12-month speedy-trial time began to run on February 20, 2014, when he allegedly was served with the Garland County warrant while in the custody of the Faulkner County Sheriff. The State responds that the 12-month period began to run on April 20, 2015, the day he was arrested on the Garland County charge. We agree with the State, and we affirm.[2]

---

[1]Mitchell's motion to dismiss was filed pro se; his attorney expressly declined to adopt it at the suppression hearing.

[2]Arkansas Rules of Criminal Procedure 28.1(g)(2) and 24.3(b) (2015) permit an appeal following the denial of an appellant's motion to dismiss for an alleged speedy-trial violation

SLIP OPINION

Arkansas Rule of Criminal Procedure 28.1 entitles a defendant to have criminal charges dismissed with an absolute bar to prosecution if he or she is not brought to trial within 12 months from the time provided in Rule 28.2, excluding such time periods of necessary delay as are authorized in Rule 28.3. "The time for trial shall commence running from the date of arrest or service of summons." Ark. R. Crim. P. 28.2(a); *see also Smith v. State*, 2013 Ark. 364, at 4 (holding that the speedy-trial time period began when defendant, incarcerated in the ADC on unrelated charges, was served with the arrest warrant). The speedy-trial time period is not triggered by the issuance of an arrest warrant. *E.g.*, *Marks v. State*, 332 Ark. 374, 376, 965 S.W.2d 764, 765 (1998). Arrests arising from a separate criminal episode do not start the speedy-trial period, nor is the time period triggered by issuance of a detainer while the defendant is incarcerated in another jurisdiction for a separate criminal offense. *E.g.*, *Washington v. State*, 31 Ark. App. 62, 68, 787 S.W.2d 254, 257 (1990); *Jackson v. State*, 334 Ark. 406, 411, 976 S.W.2d 370, 372 (1998).

We agree with the State that the evidence does not support Mitchell's assertion that he was served with an arrest warrant on February 20, 2014, for the commercial burglary that was committed on January 22, 2014, in Garland County. On February 8, 2014, Mitchell was arrested in Faulkner County for similar crimes committed there. On February 20, 2014, apparently while he was in the Faulkner County jail, the Garland County arrest warrant was issued. At the suppression hearing, Mitchell testified as follows:

Within a matter of days I was arrested for similar crimes committed in Faulkner

_____

and the entry of appellant's conditional guilty plea.

County. There was also a similar crime committed in Pope County. I was taken into custody for one of the charges in Faulkner or Pope County around February 8th, 2014. I am aware that a warrant for my arrest in this case was issued in February, 2014. While I was in jail I notified Garland County Prosecuting Attorney's office, the Court Clerk, the Judge, letting everyone know my whereabouts. I did not get a response from anyone until approximately fourteen or sixteen months later.

. . . .

When I was arrested in February, 2014, my parole officer came and let me know there was a hold on me from Garland County, and they never came and got me for Court for the first time until 2015, fourteen months later.

In a letter to the Garland County prosecutor dated March 25, 2015, Mitchell inquired about the status of his pending warrants. He testified at the suppression hearing that the Garland County warrant had not been served by the date of the letter but was served on him in April 2015.

We reject Mitchell's argument that the warrant for this case was "served" when it was issued and a detainer was placed on him from Garland County. Neither event triggers a speedy-trial time. *E.g.*, *Marks*, 332 Ark. at 376, 965 S.W.2d at 765; *Jackson*, 334 Ark. at 411, 976 S.W.2d. at 372. Mitchell's speedy-trial period began to run when he was arrested on April 20, 2015, and it had not yet expired on November 30, 2015, when the circuit court denied his motion to dismiss. Because no speedy-trial violation occurred, the court did not err by denying the motion to dismiss.

Affirmed.

WHITEAKER and HOOFMAN, JJ., agree.

*Buckley, McLemore & Hudson, P.A.*, by: *Grace Casteel*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Houston Garner*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.

SLIP OPINION