SLIP OPINION

Cite as 2017 Ark. 224

# SUPREME COURT OF ARKANSAS.
No. CV-16-898

| | | |
|---|---|---|
| DEXTER J. HARMON | APPELLANT | **Opinion Delivered:** June 15, 2017 |
| V. | | PRO SE APPEAL FROM ORDER GRANTING STATE'S PETITION FOR REIMBURSEMENT |
| STATE OF ARKANSAS | APPELLEE | [PULASKI COUNTY CIRCUIT COURT NO. 60CV-16-1301] |
| | | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| | | <u>REMANDED</u>. |

**SHAWN A. WOMACK, Associate Justice**

This is a pro se appeal from an order granting the State's petition for reimbursement of costs of care pursuant to the State Prison Inmate Care and Custody Reimbursement Act (Reimbursement Act) codified at Arkansas Code Annotated sections 12-29-501 to -507 (Repl. 2016). Appellant, Dexter J. Harmon, is an inmate of the Arkansas Department of Correction (ADC) and has been incarcerated since July 5, 2012. Harmon appeals from an order from the Pulaski County Circuit Court ordering disbursement from his inmate trust account to reimburse the appellee for costs associated with his incarceration. We remand for further evidentiary findings under Ark. Code Ann. §§ 12-29-504, -601.

In 2015, Harmon was part of a class-action lawsuit brought pursuant to 42 U.S.C. section 1983, against the City of Helena-West Helena and Phillips County, styled *Covington v. Byrd*, No. 2:12-CV-123-DPM (E.D. Ark. June 22, 2012). In January 2016, the class-

SLIP OPINION

action lawsuit settled and the ADC received a settlement check in the amount of $7,200, which was deposited into Harmon's inmate trust-fund account. On January 11, 2016, Harmon filed a request with the ADC to forward the check to his legal representatives, Elite Paralegal Services. Despite Harmon's request to the contrary, the check was placed in Harmon's inmate account. Thereafter, Harmon filed grievances in January and February 2016, alleging that ADC officials had confiscated the funds without his permission by depositing the check into his inmate account and that the ADC had refused his withdrawal request in the amount of $3,000 as payment for legal fees connected with legal research on criminal and civil court cases.

On March 3, 2016, the State of Arkansas filed a petition in the Pulaski County Circuit Court for reimbursement of costs of care and a motion for leave to deposit Harmon's funds with the court. In response, Harmon filed a motion to dismiss the petition, a response to the State's petition, and a motion to set aside the order directing the deposit of funds. A hearing was conducted on June 28, 2016.

At the hearing, Harmon introduced the grievances he had filed with the ADC and raised numerous grounds in response to the State's petition. Harmon alleged that by confiscating his settlement funds, the State had violated his constitutional rights to equal protection, access to the courts, and to due process. Harmon complained that the ADC had illegally taken possession of funds intended for legal services and subsequently refused to authorize a withdrawal intended for legal fees. Harmon argued that he was constitutionally entitled to a "pre-deprivation hearing" before the funds were deposited in his inmate account. Furthermore, Harmon maintained that if the State was allowed

reimbursement from funds received as compensation for damages inflicted by government agencies, then the purpose of 42 U.S.C. § 1983 would be defeated. Finally, Harmon insisted that his financial obligations to his elderly father should be considered pursuant to Arkansas Code Annotated section 12-29-504(c)(2)(A). In support of this claim, Harmon introduced bills owed by his father to various creditors.

The circuit court granted the State's petition, finding that it had established that the cost of Harmon's care while incarcerated exceeded the balance of funds currently in the possession of the registry of the court. The circuit court found that the State had met its burden of proof and directed that the settlement funds be deposited into the State treasury pursuant to Arkansas Code Annotated section 12-29-507. The circuit court did not address any of Harmon's other arguments.

Harmon raises four points on appeal: (1) that he was constitutionally entitled to a pre-deprivation hearing before the ADC deposited his settlement check into his inmate trust account; (2) that the confiscation of his settlement check issued pursuant to 42 U.S.C. § 1983 represented an unjust enrichment in that the funds were owed to his legal representatives; (3) that the circuit court failed to take into consideration his financial obligations to his elderly father; and (4) that the State's entitlement to reimbursement out of moneys paid as compensatory damages is preempted by 42 U.S.C. § 1983 pursuant to a holding entered by the Eighth Circuit Court of Appeals in *Hankins v. Finnel*, 964 F.2d 853, 861 (8th Cir. 1992).

Harmon failed to obtain a ruling on any of the arguments raised below, which he now raises on appeal. We have said on numerous occasions that the failure to obtain a

ruling below bars review of the issue on appeal. *State v. Rainer*, 2014 Ark. 306, at 15, 440 S.W.3d 315, 324; *Jackson v. State*, 334 Ark. 406, 976 S.W.2d 370 (1998); *see also* Ark. R. Civ. P. 52(a) and (b) (2016) (requiring findings of fact and conclusions of law upon request by a party either before the order is entered or by a subsequent motion). We therefore decline to address his arguments on appeal.

However, when a circuit court fails to make findings mandated by either procedural rules or by statutory authority, this court will remand and reverse for a written order in compliance with such requirements. *Decay v. State*, 2013 Ark. 185, at 2 (remanding for findings in compliance with requirements set forth in Rule 37.5(i) (2013) of the Arkansas Rules of Criminal Procedure). The word "shall" when used in a statute means that the legislature intended mandatory compliance with the statute. *Loyd v. Knight*, 288 Ark. 474, 477, 706 S.W.2d 393, 395 (1986). Under the Reimbursement Act, before the circuit court may issue an order disbursing funds, the court "shall take into consideration and make allowances for the maintenance and support of the spouse, dependent children . . . or other persons having a moral or legal right to support and maintenance." Ark. Code Ann. § 12-29-504(c)(2)(A). Additionally, any compensatory damages available after attorney fees and costs "awarded to a prisoner in connection with a civil action brought against any state or local jail, prison, or correctional facility" shall be paid to satisfy outstanding restitution orders; the remainder shall then be transferred to the prisoner. Ark. Code Ann. § 12-29-601(a)–(b).

Here, the circuit court received evidence that Harmon's father needed financial support; however, the court did not issue any findings in its order regarding whether his

father had any right to support under the statute. Additionally, Harmon claimed that he intended to transfer the funds from his inmate trust account to his legal representative. The court made no findings regarding whether those legal fees were related to his previous suit against the City of Helena-West-Helena and Phillips County or were for other legal actions.

Because the circuit court did not make the requisite findings under both statutes, this case is remanded to the circuit court for an evidentiary hearing consistent with this opinion. The circuit court is directed to make findings of fact mandated by Arkansas Code Annotated section 12-29-504(c)(2)(A) that address whether Harmon's father has an enforceable right to support and maintenance consistent with our statutory interpretation. The court will make additional findings as mandated by Arkansas Code Annotated section 12-29-601(a) as to whether restitution is owed by Harmon in connection with his criminal conviction. Lastly, the court will make findings regarding whether costs and attorney's fees related to Harmon's § 1983 action against the City of Helena-West-Helena and Phillips County are owed before the remainder is disbursed to the State under the Reimbursement Act. The remand, with a copy of the transcript of the evidentiary hearing, is returnable within 120 days from the date of this order.

Remanded.

*Dexter J. Harmon*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Bourgon B. Reynolds*, Ass't Att'y Gen., for appellee.