Will Henry SCOTT *v.* STATE of Arkansas

85-103                                                    691 S.W.2d 859

Supreme Court of Arkansas
Opinion delivered June 24, 1985

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for respondent.

PER CURIAM. Petitioner Will Henry Scott was found guilty by a jury of two counts of first degree battery and sentenced to two consecutive terms of ten years imprisonment in the Arkansas Department of Correction. The Court of Appeals affirmed. *Scott* v. *State*, CACR 84-101 (November 14, 1984). Petitioner seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37, alleging that his attorney failed to communicate an offer from the state to plea bargain and that counsel was ineffective in that he failed to move to dismiss the

charges for failure to afford him a speedy trial.

Petitioner was arrested on February 28, 1983 and returned to prison as a parole violator. In accordance with A.R.Cr.P. Rule 28.1 (b), he was entitled to be tried on the two battery charges within twelve months of arrest. Delay resulting from an examination on the competence of the defendant is excluded in computing the twelve-month period. A.R.Cr.P. Rule 28.3 (a). Petitioner here requested and was afforded a psychiatric examination. He was examined at the Southeast Arkansas Mental Health Center for at least two days in March, 1983 and subsequently committed to the Arkansas State Hospital on July 6, 1983 for a thirty-day period. On August 23, 1983 the final report from the State Hospital on petitioner's mental competence was filed with the circuit clerk. Petitioner was tried on March 22, 1984, which was within twelve months as required by Rule 28.1 (b) if the time for conducting the mental examination is excluded.

Petitioner alleges that counsel did not tell him that the prosecutor had offered to recommend a ten-year sentence if petitioner would plead guilty until after counsel had rejected the offer. He states that he would have accepted a ten-year plea bargain. He does not say whether the offer in question was ten years on each count or a total of ten years for both counts.

Petitioner provides no support for the assertion that there was a plea offer except for his own affidavit in which he states that counsel told him the offer had been made and rejected. Petitioner cites as authority our decision in *Rasumssen v. State*, 280 Ark. 472, 658 S.W.2d 867 (1983), in which we said that it is ineffective assistance of counsel to fail to communicate a plea offer to an accused, but in *Rasmussen* a deputy prosecutor submitted an affidavit averring that the offer had actually been made. In *Elmore v. State*, 285 Ark. 42, 684 S.W.2d 263 (1985), we again granted a hearing on an allegation of an uncommunicated plea bargain, but *Elmore* also involved a prosecutor's affidavit attesting that the offer was in fact made. We do not find the bare assertion of an offer by the petitioner alone to be sufficient reason to grant a hearing. If it were otherwise, even where there had been no plea negotiations, a petitioner could open a judgment of conviction to collateral attack based on his mere contention that there was a plea offer. A collateral attack on a valid judgment must be founded on more than an unsubstantiated

allegation if the presumption that a criminal judgment is final is to have any meaning. *See Strickland* v. *Washington*, ____ U.S. ____, 104 S. Ct. 2052 (1984).

Petition denied.

GEORGE ROSE SMITH, J., not participating.