John Lee HUDDLESTON *v.* STATE of Arkansas

CR 99-682                                    5 S.W.3d 46

Supreme Court of Arkansas
Opinion delivered December 2, 1999

*Shannon L. Blatt* and *Robert S. Blatt*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

WH. "DUB" ARNOLD, Chief Justice. On September 17, 1998, a jury convicted appellant, John Lee Huddleston, as a habitual offender and found him guilty of possession of amphetamine with intent to deliver and possession of drug paraphernalia. The trial court fined him $10,000.00 and sentenced him to life imprisonment and to a ten-year term in the Arkansas Department of Correction. In light of appellant's sentence, our jurisdiction is warranted pursuant to Ark. Sup. Ct. R. 1-2(a)(2) (1999). On appeal, Huddleston contends that the trial court erred by (1) denying his motion to dismiss on speedy-trial grounds, (2) granting the State's motions in limine to exclude the testimony of three defense witnesses and the affidavit of a fourth witness, and (3) denying his motion for a new trial based upon a claim of ineffective assistance of counsel. We find no merit in appellant's arguments, and we affirm the trial court. ·

Following his arrest on May 16, 1996, Huddleston was charged by information on May 20, 1996, with possession of a

controlled substance with intent to deliver and possession of drug paraphernalia. The arrest stemmed from an incident at the Englander Motel. While executing an arrest warrant for Kelly Mendoza, police officers entered Mendoza's motel room, also occupied by Mendoza's daughter and appellant. Appellant told the police to leave if they did not have a warrant and, after being informed that they did, appellant continued to interfere with Mendoza's arrest. Subsequently, Huddleston was arrested for interfering, and during a search of his clothing, police discovered two ounces of methamphetamine and saw other drug paraphernalia within plain view.

## I. Speedy trial

Huddleston's first point on appeal submits that the State failed to timely prosecute him in violation of his right to a speedy trial. Ark. R. Crim. P. 28.1 and 28.2(a) require the State to try appellant within twelve months of the date of arrest or the filing of the information, whichever occurs first, here, May 16, 1996, excluding any periods of delay authorized by Ark. R. Crim. P. 28.3. Although Huddleston's trial was ultimately held on September 17, 1998, on the date the trial court denied his motion, the trial was set for September 15, 1998, 852 days after his arrest. Therefore, the State has the burden of showing that the delay was the result of appellant's conduct or was otherwise justified. See Morgan v. State, 333 Ark. 294, 299, 971 S.W.2d 219, 221 (1998). In this case, the State must show that at least 487 days were properly excludable to meet this burden.

The State contends that at least 569 days, resulting from appellant's or his counsel's requests for continuances, are excludable for speedy-trial purposes. Ark. R. Crim. P. 28.3(c) permits the exclusion of the delay period resulting from a continuance granted at a defendant's or his counsel's request. See Smith v. State, 313 Ark. 93, 852 S.W.2d 109 (1993). Specifically, the State points to four periods of time chargeable to the appellant. First, pursuant to appellant's or his counsel's request, the trial court continued the case from August 30, 1996 to November 12, 1996, for a total of seventy-four days. Second, the trial court continued the case from December 9, 1996 to February 10, 1997, for sixty-three days. Third, the case was continued from May 12, 1997 to May 11, 1998, for 364 days, and,

fourth, from July 8, 1998 to September 14, 1998, for 68 days. These four periods total 569 days, well in excess of the 487 days necessary to affirm the trial court's ruling. We agree that the State met its burden by demonstrating that the periods were properly excludable due to the requested continuances.

Essentially, appellant argues that the trial court erred in charging certain periods to him because he demanded a speedy trial, in his lawyer's presence, and that his attorney requested a sixty-day continuance without consulting him, over his implied objection. However, Rule 28.3(c) permits the exclusion of periods resulting from a continuance granted at either the defendant's or his counsel's request. In fact, we have held that continuances granted at a defendant's attorney's request are excludable from the speedy-trial time, even if the defendant does not approve or is not consulted. *Matthews v. State*, 268 Ark. 484, 490, 598 S.W.2d 58, 61-62 (1980). In light of the foregoing, we conclude that Huddleston's right to a speedy trial was not violated, and we affirm the trial court's decision denying his motion to dismiss.

## *II. Exclusion of defense testimony and affidavit*

Appellant's second point on appeal challenges the trial court's grant of the State's motion in limine to exclude the testimony of three defense witnesses, Gary Lee, Jimmy Cureton, and Lisa Didway, and the affidavit of a fourth witness, Ruth Cloud. On appeal, we will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion nor will we reverse absent a showing of prejudice. *Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702 (1996), cert. denied, 117 S. Ct. 246 (1996).

Appellant suggests that defense witnesses Cureton and Lee would have testified that they had personal knowledge that the police involved in Huddleston's arrest may have planted drugs in other instances. Additionally, Lisa Didway, appellant's former girlfriend, would have testified that Wayne Barnett, one of the police officers who arrested Huddleston and discovered the drugs and drug paraphernalia, contacted her in August, several months after appellant's arrest, and urged her to plant a weapon or drugs on appellant. Although Huddleston claims that the three witnesses would also testify that Kelly Mendoza, present during his arrest,

planted the drugs on appellant, the record does not support appellant's claims. Significantly, appellant failed to proffer Lee's and Cureton's testimony. Without proffering this testimony to the trial court, appellant cannot claim now that the trial court erred by excluding it. *See McGehee v. State*, 338 Ark. 1532, 175, 992 S.W.2d 110, 124 (1999). Moreover, the trial court's decision to exclude the testimony is supported by considerations of relevance and hearsay. See Ark. R. Evid. 801(c), 802 (1999).

Huddleston also offered the affidavit of Ruth Cloud to support his theory that the police were involved in "setting him up." According to Cloud's affidavit, her sister, Lisa Marts, cooperated with Officer Wayne Barnett to plant drugs on Marts's husband. Again, although Barnett was involved in appellant's arrest, Cloud's affidavit was also properly excludable on grounds of relevance and hearsay. In any event, appellant never demonstrated that Cloud was unavailable to testify at trial.

Appellant's final argument, that the trial court's exclusion of the testimony violated his Sixth Amendment right to confront the witnesses against him, is equally misplaced. The Confrontation Clause is intended to permit a defendant to confront witnesses and to provide him with the opportunity to cross-examine those witnesses. As the State correctly points out, neither of those interests is implicated here. In sum, we conclude that the trial court did not abuse its discretion by excluding the testimony of Lee, Cureton, and Didway, and the affidavit of Cloud.

*III. Ineffective assistance of counsel*

Huddleston's third point on appeal argues that the trial court erred by denying his motion for a new trial on the ground that he received ineffective assistance of counsel. The proper method for relief to challenge the adequacy of counsel's representation is a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1. *Carrier v. State*, 278 Ark. 542, 647 S.W.2d 449 (1983). Postconviction relief may be granted on the basis of ineffective assistance of counsel if the petitioner proves that (i) counsel's performance was deficient, and (ii) counsel's deficient performance prejudiced the actual outcome of the proceeding. *Strickland v. Wash-*

*ington,* 466 U.S. 668 (1984); *Noble v. State,* 319 Ark. 407, 892 S.W.2d 477 (1995).

The petitioner must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. 668; *Wainwright v. State,* 307 Ark. 569, 823 S.W.2d 449 (1992). Moreover, the counsel's acts and omissions are viewed from the counsel's perspective at the time of trial. *Wainwright,* 307 Ark. 569; *Dumond v. State,* 294 Ark. 379, 743 S.W.2d 779 (1988). The petitioner must overcome the strong presumption of competency by clear and convincing evidence showing that he was prejudiced and that the prejudice effectively denied him a fair trial. *Blackmon v. State,* 274 Ark. 202, 623 S.W.2d 184 (1981). The proper standard for judging attorney performance is that of reasonably effective assistance, considering all the circumstances. *Strickland,* 466 U.S. 668. Notably, each allegation of counsel's incompetence must be evaluated separately. This court does not recognize cumulative error in allegations of ineffective assistance of counsel. *Isom v. State,* 284 Ark. 426, 682 S.W.2d 755 (1985). *See Parks v. State,* 301 Ark. 513, 785 S.W.2d 213 (1990); *Jones v. State,* 308 Ark. 555, 826 S.W.2d 233 (1992). Accordingly, Huddleston's ineffective-assistance arguments are discussed independently.

First, appellant argues that his appointed counsel, John Joplin, was ineffective by his failure to pursue a speedy-trial claim. Specifically, Huddleston contends that when appointed, Joplin knew that appellant wanted a speedy trial and that he requested a continuance beyond the speedy-trial time. We agree with the State that this argument is not properly preserved for review because Huddleston failed to argue in his motions for new trial that counsel was ineffective because he failed to preserve speedy-trial arguments. Further, the trial court made no ruling on this issue, and we decline to consider the merits of his challenge at this time. *See Alexander v. State,* 335 Ark. 131, 133, 983 S.W.2d 110, 111 (1998).

Next, Huddleston claims that he received ineffective assistance of counsel because Joplin failed to adequately investigate his case and to obtain evidence in support of his defense. Specifically, appellant points to Joplin's failure to investigate his theory that the police and Mendoza, as their agent, "planted the dope" and "set up" appellant. Additionally, appellant claims that Joplin was ineffective because he met with Huddleston only twice, for about twenty

minutes each time. In response, the State argues that these points are not preserved for appeal. We agree. Ark. Sup. Ct. R. 4-2(a)(6) (1999) requires the appellant to abstract material parts of the record that are necessary to "an understanding of all questions presented to the Court for decision." The record on appeal is confined to what appellant has abstracted or has included in his addendum. *See* Ark. Sup. Ct. R. 4-2(a)(8) (1999); *see also Allen v. State*, 326 Ark. 541, 542, 932 S.W.2d 764, 765 (1996). Here, appellant failed to abstract the guilt phase of his trial. Similarly, appellant failed to argue that Mendoza was an agent for the State, and the trial court made no ruling on this claim. Accordingly, Huddleston's claims on these points are procedurally barred.

Also, appellant objected to Joplin's failure to present the testimony of Gary Lee because of an alleged conflict of interest created by the Public Defender's Office representing Lee on an unrelated charge. However, the record reveals that even if Lee had testified at trial, his new counsel acknowledged that he would be invoking his Fifth Amendment right not to incriminate himself. Consequently, appellant cannot demonstrate that he was prejudiced by Lee's failure to testify. Moreover, as Joplin noted at the hearing, he could not call a witness knowing that he would invoke the Fifth Amendment. *See Hamm v. State*, 301 Ark. 154, 159, 782 S.W.2d 577, 580 (1990). Again, the trial court did not rule on appellant's claim that counsel failed to disclose an alleged conflict of interest, and this point is not preserved for appellate review.

Finally, appellant contends that he was denied effective assistance because his attorney failed to object to the introduction of an exhibit showing a prior forgery and uttering conviction. Appellant argues that the exhibit was inadmissible because it did not demonstrate that he was represented by counsel or that he knowingly and intelligently waived his right to counsel. However, Huddleston failed to preserve this point for appeal because he did not raise it in the trial court. In any event, the exhibit provides sufficient evidence to establish that he was represented because it identifies Martin L. Green of Fort Smith as Huddleston's attorney. *See Stewart v. State*, 300 Ark. 147, 150, 777 S.W.2d 844, 845 (1989). In conclusion, we hold that the trial court did not err in finding that Huddleston received effective assistance of counsel at trial.

*IV. Rule 4-3(h)*

In accordance with Ark. Sup. Ct. R. 4-3(h) (1998), the record has been reviewed for adverse rulings objected to by the appellant but not argued on appeal, and no reversible errors were found. We affirm the trial court on all points, and we affirm appellant's judgment of conviction.