John Lee HUDDLESTON *v.* STATE of Arkansas

CR 00-697                                    61 S.W.3d 163

Supreme Court of Arkansas
Opinion delivered December 6, 2001

*Appellant,* pro se.

*Mark Pryor,* Att'y Gen., by: *Vada Berger,* Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant was convicted in Sebastian County of possession of amphetamine with intent to deliver and possession of drug paraphernalia. He was sentenced as a habitual offender to life imprisonment and ten years' imprisonment, with the sentences to run concurrently. Appellant was also fined $10,000.00 for possession of drug paraphernalia. Appellant filed a motion for new trial and two amended motions. A hearing was held, and the motions for new trial were denied. Appellant's convictions were affirmed by this court. *Huddleston v. State,* 339 Ark. 266, 5 S.W.3d 46 (1999). Appellant then filed a timely petition for postconviction relief pursuant to Ark. R. Crim. P. 37 in the trial court, raising claims of ineffective assistance of trial and appellate counsel. The circuit court denied the petition without an evidentiary hearing. Appellant appeals to this court. We find no error and affirm.

Appellant's first claim on appeal from the denial of the Rule 37 petition consists of three sub-parts: (1) trial counsel was ineffective for failing to establish that Kelly Mendoza was an agent for the State, (2) trial counsel failed to call Gary Lee, Greg Stevens, and Jimmy Cureton as witnesses, and (3) trial counsel failed to proffer the testimony of Lee, Stevens, and Cureton.

First, appellant claims that Mendoza, who was with appellant when he was arrested, was acting on behalf of state drug investigators when she planted the drugs on appellant that led to his arrest. According to appellant, trial counsel was aware of this. The circuit court denied appellant's claim on the basis that matters of trial tactics and strategy are not grounds for postconviction relief. *See Neal v. State*, 270 Ark. 442, 456, 605 S.W.2d 421, 427 (1980).

On direct appeal, appellant claimed that the trial court erred in denying his motion for new trial based upon a claim of ineffective assistance of counsel. This court found that appellant's claim was procedurally barred because appellant failed to abstract the guilt phase of his trial and because appellant failed to argue that Mendoza was an agent for the State, a claim for which the trial court made no specific ruling. *Huddleston, supra.*

In its brief, the State argues that because appellant raised this claim of ineffectiveness on direct appeal as permitted by *Missildine v. State,* 314 Ark. 500, 863 S.W.2d 813 (1993), he cannot raise it again in a Rule 37 proceeding. According to the State, if an appellant is permitted to raise ineffective-assistance claims on direct appeal, then raise the previously barred or new ineffective-assistance claims in a Rule 37 petition, an appellant is able to have such claims considered in two successive state court proceedings, which is contrary to the prohibition under Rule 37 on the filing of successive petitions. The State urges this Court to overrule *Missildine* and hold that ineffective-assistance claims can be raised only in postconviction proceedings. We disagree with the State and decline to overrule *Missildine.*

■ *Missildine* does not present the problems that the State contends. Even if there was a motion for new trial which raised some claims of ineffective assistance of counsel, this does not preclude the petitioner from filing a Rule 37 petition later, provided the claims in the petition are being raised for the first time. We agree that claims of ineffective assistance raised in a new trial motion are settled by the trial court; however, claims *not* raised in the motion for new trial are proper in Rule 37 proceedings.

■■ As stated, on direct appeal this Court found that appellant's claim of ineffectiveness was procedurally barred because appellant failed to abstract the guilt phase of his trial and to argue that Mendoza was an agent for the State, a claim for which the trial court made no specific ruling. *Huddleston, supra.* It was appellant's obligation to obtain a ruling in order to properly preserve an issue for review. *Beshears v. State*, 340 Ark. 70, 72, 8 S.W.3d 32, 34

(2000). We have repeatedly stated that the failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes review on appeal. *Jackson v. State,* 334 Ark. 406, 412, 976 S.W.2d 370, 373 (1998). Because this claim was decided on direct appeal, we decline to consider the issue in these proceedings. *See Neal, supra,* at 447, 605 S.W.2d at 424.

Appellant also claims that trial counsel failed to interview and call as witnesses Lee, Stevens, and Cureton and that he failed to proffer their testimony. According to appellant, these witnesses, if called, would have testified at trial that Mendoza told them that she "set up" appellant. However, appellant claims that trial counsel misrepresented the substance of their testimony to the court by stating that the three men would testify about Mendoza's setting up other individuals, not appellant; therefore; the trial court disallowed the testimony. The circuit court found that trial counsel's decision of whether or not to call these witnesses was a matter of trial strategy, which is outside the purview of Rule 37. Additionally, the circuit court noted that these contentions were addressed on appeal; therefore, they are not grounds for relief under our postconviction rule. *Id.*

▮ The issue of trial counsel's failure to call these witnesses was addressed in appellant's motions for new trial. At the hearing on the motions, all three witnesses were present. Stevens and Cureton testified that had they been called as witnesses, they would have testified that Mendoza told them she planted drugs on appellant at the request of police. However, Lee invoked his Fifth Amendment privilege. Appellant testified that each of these witnesses would have testified that Mendoza set him up. Because this issue was addressed in appellant's motions for new trial, they cannot be raised again in a Rule 37 petition.

Appellant's second claim on appeal from the denial of his Rule 37 petition is that trial counsel was ineffective when he failed to disclose a conflict of interest. Appellant claims that at the time of appellant's criminal trial, the Sebastian County Public Defender's Office, trial counsel's employer, was also representing Lee on an unrelated charge. Appellant claims that trial counsel did not disclose that his office was representing Lee, and therein lies the alleged conflict. According to appellant, trial counsel failed to interview and call Lee as a witness at trial, because Lee was being represented by the Public Defender's Office. Appellant claims he was prejudiced by trial counsel's failure to call Lee as a witness because Lee would

have testified that Mendoza told him that she "set up" appellant the night of the arrest.

■ ■ This claim was raised on direct appeal, and this Court found that because the trial court did not rule on this claim, the point was not preserved for appellate review. *Huddleston, supra.* In addition, the circuit court did not rule on this issue in denying appellant's Rule 37 petition. As stated previously, failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes review on appeal. *Jackson, supra.*

Appellant's third claim is that trial counsel was ineffective by failing to inform appellant of a plea offer. According to appellant, the State offered to recommend a fifteen-year sentence in exchange for appellant's guilty plea; however, trial counsel never communicated this offer to appellant. In denying appellant's petition, the circuit court found that appellant provided no support for this assertion. Although appellant did not raise this claim in his motions for new trial, the issue was addressed at the hearing on the motions. At the hearing, Ron Fields, former Prosecuting Attorney for the Twelfth Judicial District, testified that after leaving the prosecutor's office for private practice, he became involved in appellant's case at the request of appellant's mother. Upon realizing a conflict because of his position as former prosecuting attorney, Fields withdrew from the case. According to Fields, the plea offer to which appellant is referring has to do with a federal felon in possession of a firearm charge. According to Fields, he did not work out a deal for appellant with the State.

■ ■ In *Scott v. State*, 286 Ark. 339, 691 S.W.2d 859 (1985) (*per curiam*), this court denied a petitioner's claim that counsel was ineffective for failure to communicate a plea offer because a bare assertion of an offer by the petitioner alone is insufficient reason to grant a hearing. *Id.* at 340, 691 S.W.2d at 860. This Court stated:

> If it were otherwise, even where there had been no plea negotiations, a petitioner could open a judgment of conviction to collateral attack based on his mere contention that there was a plea offer. A collateral attack on a valid judgment must be founded on more than an unsubstantiated allegation if the presumption that a criminal judgment is final is to have any meaning. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).

*Id.* at 340–41, 691 S.W.2d at 860. Because appellant provides no evidence that a state plea offer existed which trial counsel failed to

communicate to him, appellant's claim for ineffective assistance has no merit and is therefore denied.

Finally, appellant claims that appellate counsel was ineffective for failing to abstract the guilt phase of appellant's trial, which resulted in the procedural bar on direct appeal of appellant's claim that trial counsel was ineffective for failing to present evidence that Mendoza was acting as a government agent and planted drugs on appellant. This Court found that appellant failed to abstract the guilt phase of his trial and to argue that Mendoza was an agent for the State; therefore, the trial court made no ruling, and appellant's claim was procedurally barred. *Huddleston, supra.*

As previously stated, it is appellant's obligation to obtain a ruling in order to properly preserve an issue for review. *Beshears, supra.* Failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes review on appeal. *Jackson, supra.* Because this claim was decided on direct appeal, we decline to consider the issue in these proceedings. *See Neal, supra.*

Affirmed.

IMBER, J., not participating.