

**NUMBER 13-08-00139-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**VICTOR HADDAD, M.D.,**                                                          **Appellant,**

**v.**

**CESAR MARROQUIN,**                                                          **Appellee.**

---

**On appeal from the 332nd District Court
of Hidalgo County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Yañez, Rodriguez, and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant Victor Haddad, M.D. appeals from the trial court's denial of his motion to dismiss appellee Cesar Marroquin's health care liability claims. By one issue, Dr. Haddad contends that the trial court abused its discretion in failing to dismiss the claims because Marroquin's expert report was inadequate under the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2008). Dr. Haddad

also complains that the trial court erred in refusing to award him attorney's fees. *See id*. at § 74.351(b)(1). We affirm.

## I. BACKGROUND

On April 26, 2004, Marroquin was admitted to McAllen Medical Center, and Dr. Haddad performed abdominal surgery on Marroquin. After he was discharged from the hospital, Marroquin continued to experience severe abdominal pain and eventually presented himself to Rio Grande Regional Hospital, where he was admitted for surgery on January 3, 2005. The second surgery revealed that a firmly attached surgical cotton sponge filled Marroquin's small intestine and sac formation and that Marroquin suffered from acute and chronic inflammation.

On June 29, 2006, Marroquin filed a health care liability lawsuit against Dr. Haddad and McAllen Medical Center. Marroquin alleged that Dr. Haddad acted negligently in failing to properly assess and evaluate Marroquin's post-operative condition. Marroquin filed an expert report prepared by Diego Camacho, M.D., on October 25, 2006. On November 8, 2006, Dr. Haddad filed a motion to dismiss Marroquin's lawsuit, alleging that the expert report was inadequate under section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6). The trial court denied the motion to dismiss, and Dr. Haddad appealed the trial court's denial to this Court.

On August 29, 2007, we reversed the trial court's denial of Dr. Haddad's motion to dismiss, concluding that Marroquin's expert report did not set forth an appropriate standard of care, did not explain how any standard of care was breached, and did not provide a fair summary regarding the causal relationship between the breach and the injury. *Haddad v. Marroquin*, Nos. 13-07-014-CV, 13-07-109-CV, 2007 WL 2429183, at *6 (Tex. App.–Corpus Christi Aug. 29, 2007, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN.

2

§ 74.351(r)(6).  We remanded the case to the trial court for a determination on whether Marroquin should be granted a 30-day extension to cure the deficiencies.  *Haddad*, 2007 WL 2429183, at *6; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c).

On remand, the trial court granted Marroquin a 30-day extension, during which he filed an amended expert report by Dr. Camacho.  Dr. Haddad filed a second motion to dismiss, which was also denied by the trial court.  This case returns to us by way of Dr. Haddad's interlocutory appeal of the trial court's denial of his second motion to dismiss.

## II.  STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision on a motion to dismiss under section 74.351 of the civil practice and remedies code for abuse of discretion.  *Jernigan v. Langeley*, 195 S.W.3d 91, 93 (Tex. 2006)*; Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001).  The trial court abuses its discretion if it acts unreasonably or arbitrarily or without reference to any guiding rules or principles.  *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

Under section 74.351 of the Texas Civil Practice and Remedies Code, a claimant must "serve on each party or the party's attorney" an expert report and curriculum vitae "not later than the 120th day after the date the original petition was filed."  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).  An expert report is "a written report by an expert that provides a fair summary of the expert's opinions . . . regarding applicable standards of care, the manner in which the care rendered . . . failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed."  *Id*. § 74.351(r)(6).

In our review of the expert report, we are limited to the four corners of the report in determining whether the report manifests a good faith effort to comply with the statutory

3

definition of an expert report. *Palacios*, 46 S.W.3d at 878; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(l) (requiring that the trial court "grant a motion challenging the adequacy of the expert report only if appears to the court, after hearing, that the report does not represent an objective good faith effort to comply" with the statutory definition). The report "need not marshal all the plaintiff's proof." *Palacios*, 46 S.W.3d at 878; *Jernigan*, 195 S.W.3d at 93. If the expert report puts the defendant on notice of the specific conduct complained of and provides the trial court a basis on which to conclude that the claims have merit, the report represents a good-faith effort to comply with the statute. *Palacios*, 46 S.W.3d at 879.

## III. DISCUSSION

By his first and only issue, Dr. Haddad complains that the trial court erred in denying his motion to dismiss Marroquin's health care liability claims because Marroquin's expert report did not comply with section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6). Specifically, Dr. Haddad contends that the amended expert report was inadequate and not a good faith effort to comply with the statute because it failed to establish the applicable standard of care for Dr. Haddad, failed to identify any breaches by Dr. Haddad of the standard of care, and failed to set forth the causal relationship between Dr. Haddad's alleged breach and Marroquin's alleged injury. *See id.* at § 74.351(l), (r)(6).

Dr. Haddad argues that the amended expert report failed to identify the applicable standard of care and breach because the report does not provide specific information about what Dr. Haddad should have done differently. *See Palacios*, 46 S.W.3d at 880 (holding that a "fair summary" of the applicable standard of care and breach identifies the type of care expected but not rendered). To the contrary, that is precisely the information Dr. Camacho's amended report provides. In his amended report, Dr. Camacho opines that

4

the applicable standard of care for Dr. Haddad requires that the surgeon "not leave any sponges inside" the patient's body and that, to prevent the retention of sponges in the patient's body, the surgeon should perform a "methodical wound exploration . . . before the last sponge count." Dr. Camacho also emphasizes that the ultimate responsibility for the sponge count lies with the surgeon and that the surgeon cannot shift blame to the nurses by delegating the sponge count task. Dr. Camacho then notes that:

> A large cotton sponge was left in the abdomen of Mr. Marroquin after an apparently non-complicated surgical procedure[, that] Dr. Haddad failed to perform an appropriate evaluation and personal assessment and control the material that he used and placed in the abdominal cavity of the patient. . . . [, and that a] thorough exploration of the operative site before closure was not documented [in the surgical reports].

Based on this information, Dr. Camacho adequately established the applicable standard of care and identified actions by Dr. Haddad that breached the standard. *See Gelman v. Cuellar*, 268 S.W.3d 123, 127 (Tex. App.–Corpus Christi 2008, pet. denied) (explaining that an expert report "need not marshal and present all of the plaintiff's proof") (citing *Palacios*, 46 S.W.3d at 878-79); *see also Fulp v. Miller*, No. 13-08-00386-CV, 2009 WL 868021, at *4-5 (Tex. App.–Corpus Christi Apr. 2, 2009, no pet. h.). He explains the specific tasks and responsibilities required of Dr. Haddad and notes that Dr. Haddad failed to perform as such. *See Palacios*, 46 S.W.3d at 880. We conclude that Dr. Camacho's report sufficiently sets forth the standard of care and breach elements required of expert reports under section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6).

Next, Dr. Haddad complains that the amended expert report did not establish a causal connection between his alleged breach and Marroquin's injury because Dr. Camacho's causation statements were conclusory and did not explain the basis of his statements to link his conclusions to the facts. *See Bowie Mem'l Hosp. v. Wright*, 79

5

S.W.3d 48, 52 (Tex. 2002) (holding that an expert report "cannot merely state the expert's conclusions" regarding causation; rather, the basis of the expert's statements must link his conclusions to the facts). In addition to the statements establishing standard of care and breach, Dr. Camacho's amended report also provided the following explanatory facts:

> Foreign bodies can increase the risk of infection, [and] the inflammatory reaction to a foreign body can increase risk for perforation and the risks of scar tissue. This scarring, in some locations, can increase the risk of intestinal obstruction . . . . A retained sponge is associated with a 10% risk of mortality and a 50% risk of morbidity due to the body's inflammatory reaction toward the foreign body . . . .

Dr. Camacho then concluded that:

> Dr. Haddad is ultimately responsible for the chronic abdominal pain Mr. Marroquin suffered for several months and a second invasive surgical procedure due to the breach of the standards of care and omissions described above. These in reasonable medical probability were a substantial factor in bringing about the injuries to Mr. Marroquin and without which harm would not have occurred.

By explaining how the sponge left in his abdomen increased Marroquin's risk for infection, inflammatory reaction, and intestinal obstruction, Dr. Camacho linked his statements regarding Dr. Haddad's breaches of the standard of care to Marroquin's injuries. In other words, by offering an explanation of the medical effect of leaving a cotton sponge in the patient's body, the amended expert report demonstrated the basis of Dr. Camacho's statement linking Dr. Haddad's breach to Marroquin's chronic abdominal pain and second invasive surgery. *See Bowie*, 79 S.W.3d at 52; *Gelman*, 268 S.W.3d at 130.

Based on the foregoing, we cannot conclude that the trial court abused its discretion in denying Dr. Haddad's motion to dismiss. Looking only to the four corners of the report, we conclude that Marroquin's amended expert report adequately set forth the applicable standard of care, identified how Dr. Haddad breached the standard, and explained how the breach caused the injuries claimed by Marroquin. *See Palacios*, 46 S.W.3d at 878. The

6

report was a good faith effort to comply with the statute because it put Dr. Haddad on notice of the specific conduct complained of and provided the trial court a basis on which to determine the claims have merit. *See id*.; TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(l). Dr. Haddad's first issue is overruled.

Having determined that the trial court properly denied Dr. Haddad's motion to dismiss Marroquin's claims, we need not reach Dr. Haddad's remaining issue regarding attorney's fees.[1] *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We affirm.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 23rd day of July, 2009.

---

[1] Marroquin's attorney, Olga Brown, is also named as an appellee in this case, presumably for purposes of recovering attorney's fees directly from her. We recently addressed the issue of whether an attorney is a proper party in a health care liability case for purposes of determining who should be responsible for paying an award of attorney's fees. *Fulp v. Miller*, No. 13-08-00386-CV, 2009 WL 868021, at *9-10 (Tex. App.–Corpus Christi Apr. 2, 2009, no pet. h.). In *Fulp*, the appellant doctor named the appellee patient's attorney as a party to the appeal, claiming that, were we to reverse the trial court's denial of his motion to dismiss the health care liability claim with prejudice for failure to serve a compliant expert report, the patient's attorney could be liable for payment of attorney's fees under section 74.351. *See id*. Counsel for appellee filed a motion to dismiss for lack of jurisdiction, arguing that the Court did not have jurisdiction because he was not a party to the underlying proceedings. *Fulp*, 2009 WL 868021, at *9; *see* TEX. R. APP. P. 25.1 (b) (stating that the appellate court only has jurisdiction over the parties "to the trial court's judgment or order appealed from."). We concluded that section 74.351(b) was unclear "as to who was responsible for paying attorney's fees in the event" a claimant does not comply with the expert report requirement. *Fulp*, 2009 WL 868021, at *10. However, we declined to interpret the scope of the provision because no order had been entered dismissing the appellee's health care liability claims and, therefore, the appellant doctor's claim for attorney's fees was premature. *See id*.; TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (Vernon Supp. 2008). We granted the motion to dismiss for lack of jurisdiction because the request for attorney's fees was not ripe for our consideration. *Fulp*, 2009 WL 868021, at *10.

Here, having determined that the trial court did not err in denying Dr. Haddad's motion to dismiss, attorney's fees are not available under the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). Because Dr. Haddad is unable to recover attorney's fees in this case, we determine it is unnecessary to engage in an interpretation of section 74.351(b) and conclude that the Court has no jurisdiction over Olga Brown, counsel for Marroquin. TEX. R. APP. P. 47.1; *see Fulp*, 2009 WL 868021, at *10;