SLIP OPINION

Cite as 2016 Ark. 110

# SUPREME COURT OF ARKANSAS.
## No. CR–15–1023

| | | |
|---|---|---|
| CHARLES ROBINSON | APPELLANT | Opinion Delivered March 10, 2016 |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE BRIEF AND FOR TRANSCRIPT [PULASKI COUNTY CIRCUIT COURT, NOS. 60CR-11–3885; 60CR-13–851; 60CR-13–933] |
| | | HONORABLE HERBERT WRIGHT, JR., JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

**PER CURIAM**

Appellant Charles Robinson filed a pro se petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure, which was denied by the circuit court. Robinson lodged this appeal, and he has filed two motions in which he seeks an extension of time to file his brief and also seeks a copy of the trial transcript at public expense. Because it is clear that Robinson cannot prevail on appeal, we dismiss the appeal, and Robinson's motions are moot.

On December 8, 2014, Robinson pleaded guilty to aggravated robbery, theft of property obtained by threat of serious physical injury, and possession of firearms by certain persons in case number 60CR-11–3885. On the same date, Robinson also pleaded guilty to an additional charge of robbery and theft in case number 60CR-13–851 and to possession

of a controlled substance with intent to deliver in case number 60CR–13–933. The sentencing orders were entered on January 15, 2015.

Robinson filed a timely, verified Rule 37 petition on April 13, 2015, alleging that his convictions were the result of ineffective assistance of his counsel, Kathryn Hudson, because she failed to inform him that the prosecutor had made a plea offer that recommended a sentence of 15 years' imprisonment with 5 years suspended with respect to the offenses charged in case number 60CR–11–3885. According to Robinson's Rule 37.1 petition, the aforementioned plea offer was withdrawn by the prosecutor after Robinson was charged with first-degree murder. The record demonstrates that Robinson was arrested in 2011 on the charges in case number 60CR–11–3885, but was released on bail. While Robinson was free on bail, he was charged with the additional offenses reflected in case numbers 60CR–13–851 and 60CR–13–933. Robinson was also charged with first-degree murder in case number 60CR–13–780, for which he was convicted on a later date.

Robinson filed a Rule 37.1 petition that listed the case numbers connected with all the offenses to which he pleaded guilty on December 8, 2014: 60CR11-3885, 60CR–13–851, and 60CR–13–933. However, the record reflects that Robinson was represented by Jessica Duncan in case numbers 60CR–13–851 and 60CR–13–933, and Robinson did not raise any allegations of deficiency with regard to Duncan's representation. Robinson's request for postconviction relief is based solely on allegations that Hudson's failure to communicate a plea offer allegedly made in case number 60CR–11–3885 deprived him of a constitutional right. Robinson further alleged that he was prejudiced by Hudson's failure because, after he pleaded guilty on December 8, 2014, the circuit court sentenced him to

720 months' imprisonment[1] for the crimes, rather than the more lenient 180-month sentence allegedly recommended in a plea offer that was withdrawn. Robinson also alleged that Hudson coerced him into pleading guilty. Robinson requested that he be allowed to withdraw his plea so that he can be apprised of the first plea offer and allowed the "opportunity to consider said plea."

The circuit court denied the petition without a hearing and concluded that Robinson raised no allegations with regard to Duncan's representation in case numbers 60CR-13-851 and 60CR-13-933; that Robinson's allegation of coercion was contradicted by plea statements executed by him; that Robinson failed to establish the existence of another plea offer or the date on which it was made known to Hudson; and that the allegations and the request for relief set out in the petition were insufficient to warrant relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure.

This court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Adkins v. State*, 2015 Ark. 336, at 1, 469 S.W.3d 790, 794. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* When considering an appeal from a trial court's denial of a postconviction petition based on a claim of ineffective assistance of

---

[1] The two sentencing orders that are contained in the record reflect that Robinson was sentenced to a total term of 540 months' imprisonment for the offenses charged in case number 60CR-11-3885, with an additional 180 months' imprisonment for the possession of a controlled substance in case number 60CR-13-933. These sentences were imposed consecutively. Therefore, the 60-year sentence (720 months) alleged in the Rule 37.1 petition pertains to the sentences imposed in these two separate cases.

counsel, the sole question presented is whether under the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred when it held that counsel was not ineffective. *Hooks v. State*, 2015 Ark. 258, at 3–4, 465 S.W.3d 416, 419 (per curiam). Under the *Strickland* test, a petitioner must show that counsel's performance was deficient, and a petitioner must demonstrate that he was prejudiced by counsel's deficient performance. *Pennington v. State*, 2013 Ark. 39, at 1–2 (per curiam). A petitioner must satisfy both prongs of the test, and it is not necessary to determine whether counsel was deficient if the petitioner fails to demonstrate prejudice as to an alleged error. *Id.*

To demonstrate prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance, a petitioner must show a reasonable probability both that the plea offer would have been accepted had counsel communicated the offer and that the plea would have been entered without the prosecution's canceling it or the trial court's refusal to accept it. *Missouri v. Frye*, 132 S. Ct. 1399, 1402–03 (2012). Thus, a petitioner must demonstrate that but for counsel's deficient performance, the result of the proceedings would have been different. *Id.* at 1410. Allegations of ineffective assistance of counsel in the context of plea negotiations must establish some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Pennington*, 2013 Ark. 39, at 1–2.

A bare assertion that a plea offer was made, standing alone, is insufficient to warrant relief based on an ineffective-assistance-of-counsel claim alleging that counsel failed to communicate the offer. *Huddleston v. State*, 347 Ark. 226, 230–31, 61 S.W.3d 163, 167–68 (2001) (per curiam) (citing *Scott v. State*, 286 Ark. 339, 691 S.W.2d 859 (1985) (per curiam)). A collateral attack on a valid judgment must be founded on more than an

unsubstantiated allegation, and a petitioner who provides no evidence that a State plea offer existed that counsel failed to communicate has no merit and should be denied. *Huddleston*, 347 Ark. at 230–31, 61 S.W.3d at 167–68. Therefore, based on the absence of any evidence that the plea offer was made, Robinson's bare allegation fails to warrant relief.

Even assuming that Robinson presented sufficient proof that a more lenient plea offer was made, his allegations are insufficient to warrant relief under the standard enunciated in *Frye*, 132 S. Ct. 1399. Robinson did not allege that he would have accepted the offer had counsel communicated it to him, and he did not allege that he would have accepted the plea offer if his request for postconviction relief had been granted. Rather, Robinson merely asked that he be given the opportunity to consider accepting the offer. Furthermore, the assertions made in Robinson's Rule 37.1 petition did not establish a correlation between his counsel's alleged failure to communicate the plea offer and the outcome of the proceeding. According to the allegations contained in the petition, the favorable plea offer was withdrawn because Robinson was charged with first-degree murder, not because counsel delayed communicating the offer within a stated time frame. In sum, Robinson failed to state facts sufficient to demonstrate a reasonable probability that, but for counsel's errors, a more lenient plea offer would have remained on the table and would have been accepted by him. *See Frye*, 132 S. Ct. at 1411 (remanding to determine prejudice because there was reason to doubt that the prosecution would have adhered to the original offer after Frye committed an additional offense).

Finally, Robinson alleged that counsel coerced him into pleading guilty because after he was charged with first-degree murder, counsel stated that Robinson was "the stupidest

person she had ever dealt with" and later sent Robinson a letter apologizing for her remarks. Robinson fails to explain how this conduct intimidated him into pleading guilty.

The circuit court did not clearly err when it denied Robinson's petition for postconviction relief.

Appeal dismissed; motions moot.

SLIP OPINION